IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FOR SMITH DIVISION

BILLY G. TODD                                                                                              PLAINTIFF

V.                          Civil No. 2:19-cv-02151-PKH-MEF

ANDREW M. SAUL[1], Commissioner,
Social Security Administration                                                          DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Billy Todd, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.     Procedural Background

Plaintiff filed an application for DIB on October 15, 2014, alleging an onset date of September 15, 2014, due to a bulging disk at the L5 level, lower back pain, pain and numbness radiating down into his legs, and pain in his neck. (ECF No. 12, pp. 127-133, 164-165, 192-193). Following an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on April 27, 2017.  (*Id*. at 13-23, 617-636).  On December 13, 2018, this Court remanded the decision back to the ALJ for further consideration of Plaintiff's ability to perform the standing,

---

[1] On June 4, 2019, the Senate confirmed Andrew M. Saul as the Commissioner of the Social Security Administration, replacing acting Commissioner, Nancy A. Berryhill.

walking, and postural requirements of light work. (*Id*. at 707-708). The ALJ held a supplemental hearing on May 30, 2019. (*Id*. at. 637-654). Plaintiff was present and represented by counsel.

Plaintiff was 35 years old on his alleged date of onset and had past relevant work ("PRW") experience as a warehouse worker and assistant retail store manager for Sears. (*Id*. at 156-159, 609).

On October 22, 2019, the ALJ found Plaintiff's disorder of the back to be a severe impairment, but concluded Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 602-603). As such, he found Plaintiff capable of performing sedentary work requiring only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (*Id*.). With the assistance of a vocational expert, the ALJ determined Plaintiff could perform work as an order clerk, charge account clerk, and call out operator. (*Id*. at 610).

Both parties have now filed appeal briefs (ECF Nos. 16, 17), and this matter is ready for Report and Recommendation.

## II.     Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court

would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience considering his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

### III. Discussion

Plaintiff raises a single issue on appeal: whether the ALJ's RFC determination is supported by substantial evidence. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a claimant's RFC is a medical question and must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Miller*, 784 F.3d at 479 (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001)); *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

Claiming to give great weight to the consultative neurological examination of Dr. Ahmad Al-Khatib, the ALJ found Plaintiff could perform sedentary work involving occasional climbing, balancing, crawling, kneeling, and stooping. (ECF No. 12, p. 603). However, on July 9, 2019, Dr. Al-Khatib examined the Plaintiff, noting a positive Tinel's sign over both wrists, tenderness in the lumbosacral region, diminished sensation over the anterior and lateral aspect of the right thigh, and an antalgic gait. (*Id*. at 834-844). Nerve conduction studies also revealed evidence of very mild bilateral carpal tunnel syndrome, resulting in diagnoses of chronic low back pain possibly secondary to small disk bulging and spondylosis at the L5-S1 level; very mild right lateral carpal tunnel syndrome; and, gait dysfunction secondary to chronic low back pain. Dr. Al-Khatib assessed mild limitations in standing, walking, carrying, and, handling objects and opined Plaintiff could occasionally lift/carry up to 20 pounds; sit for 30 minutes at one time for a total of 4 hours

per day; stand 20 minutes at one time for a total of 2 hours per day; walk 15 minutes at one time for a total of 2 hours per day; occasionally climb, balance, crouch, kneel, stoop, and crawl; continuously finger, feel, handle, and reach bilaterally; never work near unprotected heights or moving mechanical parts; and, occasionally operate a motor vehicle for work, work in extreme heat/cold, and work near vibrations.

Although the ALJ detailed Dr. Al-Khatib's findings, he failed to acknowledge that Dr. Al-Khatib restricted Plaintiff to sitting for a total of four hours per day, insisting his assessment supports a sedentary RFC. Unfortunately, he also failed to note that sedentary work requires the ability to sit for approximately six hours during an eight-hour workday. SSR 83-10, 1983 WL 31251, *5 (1983). If a Plaintiff is unable to sit for six hours, this erodes the total number of sedentary jobs available to him and requires further testimony from a vocational expert.

We recognize that the opinion of a consulting physician who examined the Plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). In this instance, however, Dr. Al-Khatib's opinion is bolstered by the opinions of other examiners and the objective medical evidence. Records indicate Plaintiff injured his back at work in 2012, while lifting a 400-pound table saw. On September 17, 2014, an MRI of his lumbar spine showed mild annular bulging of the L5-S1 disk with dehydration. (ECF No. 12, pp. 264, 291).

From September 9, 2014, until January 28, 2016, he was followed by primary care physician, David Sills, for complaints of low back pain. (*Id*. at 256-271, 282-285, 292-297, 308-311, 502-506, 510-514, 523-544). Dr. Sills consistently noted a decreased range of motion in his lumbar spine with pain and prescribed Tramadol, Hydrocodone, and Neurontin.

5

In October 2014, Dr. Sills referred Plaintiff to pain specialist, Adam Sewell. (*Id*. at 243-252, 272-279, 298-305, 317-326, 330-331, 382-392). Plaintiff complained of pain in the lumbar spine and left buttocks that radiated down into the left leg, as well as numbness in the right leg from the hip to the knee. An exam revealed an unsteady gait; decreased cervical extension and rotation with pain; tenderness in the lower thoracic facet joints; a decreased range of motion in the lumbar spine with tenderness in the upper, middle, and lower lumbar facet joints; tenderness in the spinous process with percussion; spasms in the paraspinous musculature; a decreased range of motion in the upper extremities; a decreased active range of motion in the shoulders; a decreased range of motion in the lower extremities; tenderness to the greater trochanteric prominence with decreased internal rotation of the hips bilaterally; a positive Patrick's Test bilaterally; pain on the lateral side of the left knee with walking; a decreased range of motion in the left knee; and, a positive straight leg raise bilaterally. Dr. Sewell prescribed Nucynta, Hydrocodone, Gabapentin, and Methocarbamol. The record does indicate that Plaintiff took medications that were either not prescribed to him or were allegedly prescribed to him before he began seeing Dr. Sewell. (*Id*. at 331-339, 439-449, 470-480). This ultimately led to Dr. Sewell's April 2015 letter indicating he could no longer treat him. (*Id*. at 501, 507). However, Plaintiff's exams consistently showed a decreased range of motion in his back with pain.

On August 12, 2015, Dr. Sills completed a Medical Source Statement. (*Id*. at 520-522). He opined Plaintiff could occasionally lift/carry less than 10 pounds; frequently lift/carry 10 pounds; stand/walk less than 2 hours in an 8-hour workday; sit less than 6 hours in an 8-hour workday; occasionally climb and balance; never kneel, crouch, or crawl; and, can push/pull within limits with his upper extremities and reach in all directions due to back pain. In support of his

assessment, he noted Plaintiff exhibited a limited range of motion in his lower back with pain and weakness that had failed both physical therapy and treatment with a TENS unit.

On January 8, 2016, an MRI of Plaintiff's lumbar spine revealed mild spondylosis at the L5-S1 level with disk desiccation and a small posterior disk bulging. (*Id*. at 565).

On June 6, 2016, Dr. Ted Honghiran, conducted a consultative orthopedic exam of the Plaintiff. (*Id*. at 548-56). He reported taking Gabapentin (Neurontin), Hydrocodone, and Naprosyn for pain so severe that it interfered with his ability to sit, stand, perform household chores, and care for his children. On exam, Dr. Honghiran noted he had a limited range of motion in his lumbar spine with flexion to 30 degrees with pain, side bending to 10 degrees bilaterally, and sciatica with straight leg raise testing bilaterally. He recommended obtaining the report from Plaintiff's January 2016 MRI and a referral to a neurosurgeon or back specialist for possible microsurgery for pain relief. He concluded Plaintiff was not presently able to return to work, as he could occasionally lift/carry up to 10 pounds; sit for 1 hour uninterrupted for a total of 4-hours per workday; stand and walk uninterrupted for 1 hour each per day for a total of 2 hours each per day; walk 1 block; occasionally push/pull, climb, and operate a motor vehicle; and, never work near unprotected heights or moving mechanical parts.

On October 31, 2016, Dr. Honghiran examined Plaintiff for a second time. (*Id*. at 590-593). Unfortunately, he remained unable to obtain Plaintiff's January 2016 MRI results. His findings were essentially the same as those documented in the June exam, except he noted a negative straight leg raise test bilaterally and no obvious muscle atrophy. Again, Dr. Honghiran recommended referral to a neurosurgeon and job training in the computer industry, as he believed Plaintiff would need a "sit down" job because he could not perform work requiring bending, heavy lifting, or standing for long periods.

Although our initial remand was for the ALJ to reconsider the Plaintiff's ability to perform light work, when the ALJ received Dr. Al-Khatib's RFC assessment indicating that Plaintiff's ability to sit for six hours was compromised, in agreement with the assessments of Dr. Sills and Dr. Honghiran, he should have taken this into consideration. For this reason, we find that remand is again necessary to allow the ALJ to reconsider Plaintiff's ability to perform sedentary work, in light of those assessments. On remand, the ALJ is further directed to call a vocational expert to testify as to the availability of sedentary jobs that will allow the Plaintiff to sit for less than six hours per day.

### IV. Conclusion

Based on the foregoing, I recommend reversing and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of July 2020.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE