IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILLY G. TODD                                                                    PLAINTIFF

      v.                          CIVIL CASE NO. 2:19-CV-2151

ANDREW M. SAUL, Commissioner,
Social Security Administration                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA").  (ECF No. 21, 22).  On September 21, 2020, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $3,931.60, representing a total of 2.20 attorney hours for work performed in 2019 at an hourly rate of $193.00, 16.50 attorney hours in 2020 at a rate of $193.00 per hour, and 4.30 total paralegal hours at rate of $75.00 per hour.  (ECF No. 22-3).  On September 30, 2020, the Defendant filed a response voicing no objections.  (ECF No. 24).

## I.     Discussion:

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for both attorney and paralegal hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable.  *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d  503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983)

(in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $3,931.60.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel. The Court notes that lead counsel in this case, David Harp, passed away on September 7, 2020. (ECF No. 22-4). Although attorney Fred Caddell filed Plaintiff's EAJA Motion on Mr. Harp's behalf, Mr. Caddell is not seeking any compensation.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

**II.    Conclusion:**

Based upon the foregoing, Plaintiff is awarded the sum of **$3,931.60** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this October 2, 2020.

/s/ *P. K. Holmes* III

P. K. HOLMES, III
U.S. DISTRICT JUDGE

2